*Beard & Beard,* for plaintiffs.

*M. R. Brailey* and *C. S. Northup,* for defendants.

## JUSTICES OF THE PEACE.

[Circuit Court of Hamilton County.]

### ROGERS v. PRUSCHANSKY.

Decided, January 22, 1902.

*Justice of the Peace—Jurisdiction of, Co-Extensive with the County— Appeal under Section 6494—Pleading.*

1. A justice of the peace has jurisdiction under Sections 583 and 6496 co-extensive with the county to issue orders of attachment and to accompany such orders with summons.
2. The common pleas court has no authority, upon appeal from the overruling of a motion by a justice of the peace for the discharge of an attachment under Section 6494 as amended, to entertain a new motion, or to consider anything but the motion filed before the justice of the peace; that motion having been determined, the case should be certified back.

GIFFEN, J. (orally); SWING, J., and JELKE, J., concur.

Heard on error.

This was a suit in attachment before a justice of the peace, and upon the overruling of the motion to discharge the attachment it was appealed to the court of common pleas under amended Section 6494, Revised Statutes (93 O. L., 141), which permits an appeal to be made upon the overruling of a motion to discharge an attachment.

Upon the hearing of the case in the court of common pleas the motion was sustained and attachment discharged; the question is raised in this case whether the court did not err in discharging the attachment on the ground that the court had no jurisdiction over the person of the defendant, he living in another township than the one for which the justice was elected.

The statute gave jurisdiction to the justice of the peace co-extensive with the county prior to 1898; then Sections 582, 583 and 584, Revised Statutes, were amended so that Franklin and Cayahoga counties were excepted, leaving the jurisdiction co-extensive with the counties in all counties other than those two. The claim, therefore, is made that these amended sections are unconstitutional, and that therefore the court had jurisdiction of the person of this defendant although he resided in a township other than that in which the justice was elected. It was suggested during the argument that this defendant had entered his appearance, and therefore waived the objection, because our Supreme Court has a number of times recently held that where a motion addresses itself to any other relief than that of inquiry as to the jurisdiction of the person of the defendant, it is an entrance of appearance for all purposes. But counsel have since cited us to *Smith* v. *Hoover,* 39 Ohio St., 249, in which the motion was almost identical with this one, and asks for a dismissal of the case upon the ground that the court had no jurisdiction of the person, and that the said justice of the peace has no jurisdiction of the property of said defendant.

Now, in this case, the original motion filed in the justice's court did not have this second ground, but after it got into the common pleas court a new motion was filed, which included the second ground that the court had no jurisdiction of the property; so that the motion filed in the common pleas court is almost identical with the one decided by the Supreme Court. *Smith* v. *Hoover, supra.*

But clearly the court in this case had no authority to entertain the filing of a new motion, or consider anything but the motion filed before the justice of the peace, because at least this court has heretofore held, in another case, that this amended Section 6494, Revised Statutes, was intended not to give jurisdiction by appeal to the court of common pleas of the entire case, but simply for the purpose of determining the motion for the discharge of the attachment, and having done so, to certify the case back to the justice of the peace.

At any rate, the motion, as made before the justice of the peace, was not an entering of appearance, relying upon this authority in *Smith* v. *Hoover, supra.*

The question then is whether the amendment of Sections 582, 583 and 584, Revised Statutes, excepting Cuyahoga and Franklin counties renders the law unconstitutional. The question came up in Lucas county before the circuit court there, in *Colline* v. *Bingham Bros.*, 22 C. C., 533, and they declined to pass upon the constitutionality for the reason that if it be declared unconstitutional there would be no law applying to attachments, and that if they did declare it unconstitutional that they ought also to declare unconstitutional the repealing act, and that being so, the original law which gave the justice of the peace jurisdiction co-extensive with the county would be restored. And we are therefore inclined to adopt the course pursued by the circuit court in Lucas county, and decline to pass upon the question as to whether or not this is unconstitutional, because under this law, or under the law as it stood before that, the justice of the peace in Hamilton county would have jurisdiction co-extensive with the county.

The syllabus in this case is that—

"Where an act repealing another act and providing a substitute therefor is found invalid, the repealing clause must also be found invalid, unless it shall appear that the Legislature would have passed the repealing clause in any event. The Legislature by the act of April 19, 1898 (93 O. L., 146), amending Section 584, Revised Statutes, relating to attachments before justices by limiting the jurisdiction of justices in certain counties named without otherwise changing the law, did not intend to destroy the law upon such subject, consequently the repealing clause of the act in question would be invalid if the law were held unconstitutional."

We think, therefore, that the justice of the peace had jurisdiction of the person and subject matter, and that the court erred in discharging the attachment, and the judgment will be reversed.

*W. E. Beall,* for plaintiff in error.

*C. T. Dumont,* for defendant in error.